UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERRENCE ALLEN JACKSON, | ) | CASE NO. 5:05 CV 1613 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| NURSE SUZANE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On June 15, 2005, plaintiff pro se Terrence Allen Jackson filed this action against Stark County Jail Nurse Suzane, Sgt. Myers, Sgt. Sieman, Mary B. Deck, Sgt. Pruzack, Sgt. Paleto, Nurse Lynda, Nurse Becky, Sgt. Rodgers, and "all of the officers under supervision of all the Sgts and Major." (Compl. at 3.) In the complaint, plaintiff challenges the conditions of his pretrial detention in the Stark County Jail. He does not specify the relief that he seeks.

*Background*

Mr. Jackson was arrested on March 12, 2005 and was housed in the Stark County Jail until his release on house arrest six days later. His bond was revoked on April 26, 2005, and he was returned to the Stark County Jail to await trial. Mr. Jackson states that during the intake procedure, he was questioned by a nurse concerning his healthcare needs. He told the nurse that he suffered from asthma and required medication. Mr. Jackson claims he was told he could not have the medication unless he had an asthma attack. He is not certain, but he believes the person to whom he spoke was either Nurse Michelle Holla, or Nurse Becky.

Mr. Jackson was initially assigned to the A2B cell block. He was moved to the B2B cell

block on May 12, 2005. He complains that the B2B cell block is used to hold individuals accused of committing violent crimes.[1] He indicates he asked to be moved to another cell block because he could not "get along with anyone in B2B." (Compl. at 7.) Jail officials complied with the request and placed him in the B2D cell block. Less than a week later, jail officials moved inmate Newell from B2B to B2D. Mr. Jackson and Mr. Newell immediately began to have conflicts, and Mr. Jackson requested that Mr. Newell be removed from the cell block. Sgt. Pruzack moved Mr. Jackson to cell block C1North, and he objected. After meeting with Sgt. Pruzack, Mr. Jackson was moved once again to cell block A2B and a separation order was issued to keep Mr. Newell and Mr. Jackson apart. On June 3, 2005, Mr. Newell was moved into the A2B cell block with Mr. Jackson, who in turn, was moved to cell block B2C. Block B2C also contains individuals accused of committing violent crimes. Mr. Jackson states the block "is not peaceful" and he cannot read or sleep. He has asked to be moved, but to date, jail officials have not complied with the request.

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the

---

[1] Mr. Jackson does not indicate the crime for which he is under indictment.

2

complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Mr. Jackson has not demonstrated that he exhausted his administrative remedies with respect to each claim against each defendant named in the complaint. He does not attach copies of any grievance forms and does not describe his attempts to exhaust each of the claims. Without that information, this action cannot proceed.

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: August 17, 2005     *s/     James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.